IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    Plaintiff,

v.                                                        CASE NO. 21-3287-SAC

STATE OF KANSAS, et al.,

    Defendants.

## ORDER

Plaintiff brought this *pro se* civil rights complaint under 42 U.S.C. § 1983. At the time of filing his Complaint, Plaintiff was incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff's Motion for Voluntary Dismissal (Doc. 7) and dismissed this matter without prejudice on January 4, 2022. (Doc. 8.) On May 18, 2022, Plaintiff filed a Supplement to Poverty Affidavit (Doc. 9) and Notice to the Court (Doc. 10). On May 20, 2022, the Court entered an Order (Doc. 11) informing Plaintiff that his case was closed, and that the Court would not be taking action on Plaintiff's filings. On July 5, 2022, Plaintiff filed a Motion for Preliminary Injunctive Relief (Doc. 13) and Motion for Physical and Mental Examinations (Doc. 14). On July 6, 2022, the Court denied the motions. (Doc. 15.) This matter is before the Court on Plaintiff's Motion to Reopen (Doc. 16).

Plaintiff seeks to "refile and/or reopen his civil complaint." (Doc. 16, at 1.) Plaintiff alleges that he voluntarily dismissed this case to give the defendants a chance to correct their violation of his Eighth Amendment right to treatment for his ADHD-H1 disability and his ADA rights. *Id*. Plaintiff claims that instead of remedying the situation, defendants have retaliated against him to prevent him from pursuing relief in this Court, have tried to manufacture more

1

criminal charges against him, and have manufactured a fake legal argument of violence to try to prevent him from being transferred to Larned State Hospital. *Id*. at 1–2. Plaintiff claims that "defendants (KDOC)" have refused to provide him with a copy of an administrative segregation report stating the reasons why he is in administrative segregation and why he is a security threat to the general population. *Id*. at 2.

Plaintiff claims that he is being denied administrative relief, and references Exhibits 1–4 to his Complaint and Exhibit 1 to his motion as proof. *Id*. Plaintiff then suggests that he should not have to pay another filing fee when he "already did exhaust and was prevented by defendants in his originally filed complaint." *Id*. at 3. Plaintiff then moves the Court "for refiling of his ADA civil complaint and/or reopening of it." *Id*. at 4.

Plaintiff initiated this action while he was incarcerated at HCF. Plaintiff sought to voluntarily dismiss his case when he discovered he had not exhausted his administrative remedies. The Court dismissed this action on January 4, 2022. Since then, Plaintiff was transferred to LCF. Plaintiff has now, six months after his case was closed, filed a motion to reopen.

It appears that Plaintiff is seeking to either reopen or refile his case. The Court notes that Plaintiff's case was dismissed without prejudice, therefore he may file a new action based on his claims. To the extent Plaintiff is concerned about paying another filing fee, the Court notes that Plaintiff did not pay a filing fee in this case, and it was dismissed before he responded to the Court's Notice of Deficiency directing him to either pay the fee or file a motion for leave to proceed in forma pauperis.

Plaintiff's motion does not show circumstances warranting reopening this closed case over six months after it was dismissed. Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See*

*Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted). Courts have held that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *44A Trump Int'l v. Russell*, 546 F. App'x 103, 105 (3rd Cir. 2013) (citations omitted).

Plaintiff has set forth no argument as to why he should receive relief under Fed. R. Civ. P. 60(b). *See Ajiwoju v. Housing Auth. of Kansas city, Kan.*, 173 F.3d 863, 1999 WL 157421, at *1 (10th Cir. 1999) (unpublished) (affirming denial of plaintiff's motion to reopen voluntarily dismissed case where plaintiff failed to demonstrate he was entitled to relief under Rule 60); *Delgrego v. Taylor*, No. 4:11cv180-RH/WCS, 2012 WL 1365971, at *1 (N.D. Fla. April 19, 2012) (denying motion to reopen where plaintiff failed to meet Rule 60(b) requirements and stating that

"[t]he task of managing the district's substantial volume of prisoner cases is difficult enough without allowing a prisoner to abandon and then reinstate a claim for no reason other than a change of mind.").

The Court denies the request to reopen this case. Plaintiff's case was dismissed without prejudice to refiling any claims he seeks to pursue. If Plaintiff believes he has claims regarding his conditions at LCF, he should file an action based on those claims after exhausting his administrative remedies. His claims should indicate what steps he took to obtain mental health services at LCF and who denied him relief. Plaintiff's Complaint in this case does not list as defendants any staff from HCF or LCF. This case, which was filed while he was incarcerated at HCF, remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reopen (Doc. 16). **denied**. This case remains closed.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 11, 2022, in Topeka, Kansas.**

> s/ Sam A. Crow
> Sam A. Crow
> U.S. Senior District Judge