# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES RICHARD DUDLEY,**

     **Plaintiff,**

     **v.**                          **CASE NO.  21-3287-SAC**

**STATE OF KANSAS, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case while incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas.   Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas.  This case was dismissed on January 4, 2022.  On August 8, 2022, Plaintiff filed a Notice of Appeal (Doc. 18), appealing the Court's dismissal order, as well as various orders entered after the case was closed.  (Docs. 8, 11, 15, 17.)  This matter is before the Court on Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 26).

Plaintiff claims that he was not being treated for his Attention Deficit Hyperactivity Disorder ("ADHD").  (Doc. 1, at 2.)  Plaintiff claims that this caused him to have no life and no friends or family, except for his mother.  *Id*. at 5.  Plaintiff alleges that he has been misdiagnosed and given antipsychotic and antidepressant medications that caused mood swings, depression and lack of control of his past physical violence.  *Id*. at 6.  Plaintiff alleges that after refusing the medications he has now been healed or is in the process of healing and he is "making bounds and leaps in social interactions."  *Id*.   Plaintiff claims he no longer has a mental health diagnosis except for anxiety and the KDOC is refusing to acknowledge his ADHD.  *Id*. at 7. Plaintiff also

makes allegations regarding incidents occurring prior to the filing of his Complaint. *Id*. at 10–15.

Section 1915(g) provides that "[i]n no event shall a prisoner . . . appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . .

---

[1] Prior to filing his Complaint on December 22, 2021, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Dudley v. Massey*, Case No. 08-3046-SAC, Doc. 9 (complaint is dismissed as stating no claim for relief); *Dudley v. Butler Cty. Dist. Att'ys Office*, Case No. 14-3210, Doc. 53 (dismissing based on immunity and defendant was not a suable entity); *Dudley v. Simon*, Case No. 21-3127, Doc. 6 (dismissed on August 16, 2021, for failure to state a claim).

is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).

 Because Plaintiff has not shown that he meets the only exception set forth in § 1915(g), the Court denies leave to appeal *in forma pauperis*.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 26) is **denied**.

Copies of this order shall be transmitted to Plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated August 31, 2022, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**