IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    **Plaintiff,**

    v.                                        CASE NO. 21-3287-SAC

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case while incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas. This case was dismissed on January 4, 2022. On August 8, 2022, Plaintiff filed a Notice of Appeal (Doc. 18), appealing the Court's dismissal order, as well as various orders entered after the case was closed. (Docs. 8, 11, 15, 17.) On August 31, 2022, the Court denied Plaintiff's Motion for Leave to Appeal In Forma Pauperis. (Doc. 29.) This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 32).

The Court denied Plaintiff's motion for leave to appeal in forma pauperis, finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). In his motion for reconsideration, Plaintiff brings to the Court's attention that one of his prior cases that the Court considered as a strike, was actually removed from state court. *See Dudley v. Butler Cty. Dist. Att'ys Office*, Case No. 14-3210. Because that case was removed from state court, it does not qualify as a strike under § 1915(g). Therefore, the Court will grant Plaintiff's motion to reconsider and will vacate it Memorandum and Order denying Plaintiff leave to appeal in forma pauperis. The Court will grant Plaintiff's motion for leave to appeal in forma pauperis.

1

Plaintiff has also filed a Motion to Amend and for Reconsideration of Motion for Temporary Restraining Order (Doc. 24); a Motion to Correct Clerical Mistake (Doc. 27); a Notice to the Court (Doc. 31); and a Motion to Supplement (Doc. 33) his motion at Doc. 24.

Plaintiff's motion for reconsideration claims that staff are refusing to inform him as to why he is being held in administrative segregation. (Doc. 24, at 2.) Plaintiff also complains about garnishments to his inmate bank account, the denial of medical care for his back and tooth, retaliation, and his stolen books. For relief, Plaintiff seeks an order requiring KDOC employees and medical staff to be audio and video recorded until his appeal is decided. He also seeks five hours out of his cell and outside recreation time one hour every day for five days each week. (Doc. 24, at 4.) As an alternative, Plaintiff requests to be transferred to Larned State Hospital. In his motion to supplement (Doc. 33) Plaintiff claims that he is suffering psychological torture in segregation and needs to be released back to general population.

Plaintiff's motion to correct clerical mistake states that the Court incorrectly stated that he was bringing this action under 42 U.S.C. § 1983, when he is actually bringing it under the American with Disabilities Act. (Doc. 27.) Plaintiff suggests that he is merely including an Eighth Amendment claim with his ADA claim. Because this case is closed, Plaintiff's motion to correct the Court's reference to his cause of action is moot.

Plaintiff's notice to the court (Doc. 31) alleges that staff are retaliating against him by alleging that they forgot to give him his medication first thing in the morning. Plaintiff also claims he was denied an x-ray for his back on August 31, 2022. Plaintiff again asks to be transferred to Larned State Hospital. Plaintiff's case was closed on January 4, 2022. To the extent he believes he is being denied proper medical care in August of 2022 at the Lansing

Correctional Facility, he should file an action based on those claims after he has exhausted his administrative remedies.

Plaintiff continues to file motions and notices in this closed case. He has already appealed the Court's prior dismissal order, as well as various orders entered after the case was closed. Plaintiff continues to make allegations regarding his current conditions at the Lansing Correctional Facility, but has not shown that he is entitled to have his case reopened. "[A] plaintiff who has dismissed his claim by filing a notice under Rule 41(a)(1)(A)(i) 'may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b).'" *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (citations omitted); *see also Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (finding that voluntary dismissal was self-executing and order granting was superfluous); *Bell v. Hadley*, 2006 WL 572329, at *1–2 (S.D. Ala. 2006) (denying Rule 60(b) relief to pro se inmate who sought to revoke his Rule 41 voluntary dismissal because he no longer wished to dismiss the suit, holding that inmate's change of mind did not fit within Rule 60(b)(1)). This Court has previously found that Plaintiff failed to show he is entitled to relief under Rule 60(b). *See* Doc. 17 (denying motion to reopen). Plaintiff has appealed that order. Any further requests for reconsideration are denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 32) is **granted** to the extent that the Court will reconsider its Memorandum and Order at Doc. 29. The Court's Memorandum and Order at Doc. 29 is **vacated.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 26) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's motions and notices (Docs. 24, 27, 31, 33) are **denied.**

Copies of this order shall be transmitted to Plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated September 13, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**